Dear Ms. Dougherty:
I am in receipt of your request concerning Attorney General Opinion 96-81 which was recently released. You represent the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and they would like to know whether pursuant to LSA-R.S. 17:1681.1 the University is obligated to provide not only $125.00 in cash each semester to the child of a police officer or deputy sheriff who is killed or permanently disabled pursuant to the statute, but also, to provide the books themselves for all classes taken by the child that semester.
You list the following concerns. You ask whether LSU is required to purchase either from its own book store or from private book stores those books that will be required for the classes and also provide the cash allotment? Alternatively, you ask whether the language of the statute means that LSU is obligated to provide those books which are provided through a course and paid for as part of a fee plus $125.00 in cash but not to provide those books which are purchased other than through the payment of fees to the university?
LSA-R.S. 17:1681.1 provides as follows:
 Any child of a police officer or deputy sheriff who was or is killed or permanently disabled after January 1, 1973, in the course and scope of the performance of his duties as such, which child is otherwise eligible and meets all of the entrance requirements of a college or university, shall be admitted to such college or university without the payment of any fees for tuition, books or other charges, including room and board charges, as long as such child meets the academic standards and complies with the rules and regulations of such college or university required for attendance therein as a full-time student. Such exemption shall exist for such child for the number of semesters required of a full-time student to obtain one bachelor degree offered by such college or university. In addition thereto, such child shall be entitled to a cash grant of $125.00 per semester from such college or university as an allowance for books.
 In no event shall such scholarship exceed eight semesters for any one child.
LSA-C.C. Article 9 provides with respect to the interpretation of laws:
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
The language of LSA-R.S. 17:1681.1 clearly provides that a child of a deceased or disabled police officer, who meets all entrance requirements, shall be admitted to a university without payment of fees for tuition, books or other charges. Thus, any fees for tuition, books, or room and board which are charged directly by the university as a cost of the student's admission to the university should be included. This conclusion is supported by the statutory language in LSA-R.S. 17:1681.1 providing an additional cash grant of $125.00 per semester for books. Reading the statutory provision as a whole, it is clear that the legislature intended to provide a cash grant to pay for any books necessary for completion of a course(s), the cost of which would not have been included in the enrollment fees charged by the university. If LSU were required to purchase all books for a student, there would be no reason to include a cash grant for books.
It is therefore the opinion of this office that a university of this State may not charge any fees for enrollment of a child of a police officer killed or disabled in the line of duty, including fees for tuition, books and room and board, as long as the child meets all eligibility and entrance requirements of the university. This opinion clarifies Opinion Number 96-181 only to the extent that if the books, pamphlets and other materials required for a class are not included as part of the fee charged directly by the university for admission, the student will be responsible for purchasing them with the $125.00 cash grant given per student per semester.
I hope this opinion has addressed your concerns.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ GINA M. PULEIO ASSISTANT ATTORNEY GENERAL
RPI/GMP/tfd
DATE RECEIVED/BR:
DATE RECEIVED/SHV: 08/14/96
DATE RELEASED:
GINA M. PULEIO ASSISTANT ATTORNEY GENERAL